Frederick R. Gerry, Appellant, *v.* William E. Painter, Owner or Reputed Owner, and Thomas Noble, Contractor.

*Mechanic's lien—New construction or alteration—Question for jury.*

Where a mechanic's lien contains only an allegation of a new construction, positive allegations in the affidavit of defense that the work was alteration and not new construction, raise a case sufficiently doubtful to require its submission to a jury to determine the character of the construction under proper instructions.

Argued Oct. 5, 1898. Appeal, No. 45, Oct. T., 1898, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1897, No. 2, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense. Before REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule for judgment sur sci. fa. on mechanic's lien for want of a sufficient affidavit of defense.   Before the court in banc.

A mechanic's claim was filed for $515 for tile work done in and about a three story brick factory building and store situate upon a lot of ground in the city of Philadelphia.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense.   Plaintiff appealed.

*Error assigned* was (1) discharging rule for judgment for want of a sufficient affidavit of defense.

*Frank P. Prichard*, with him *Thomas S. Gates*, for appellant.—To say that the defendant is entitled to a trial before a jury merely because he states his opinion that the work which was done was in the nature of an alteration and addition to an old building, and not the erection and construction of a new building, is to allow a defendant to escape by stating a conclusion of law without giving the facts on which the conclusion is based.   Such a rule would put it in the power of the defendant to go to a jury merely upon a conclusion which may be and presumptively is his own opinion as to the law, without stating the facts by which such a conclusion can be tested.

In the case of Patterson v. Frazier, 123 Pa. 414, we find that the exact point arose upon a state of facts which was the converse of the one now before the court.

Where the facts are ascertained or undisputed, it is for the court to determine what does or does not constitute new buildings : Norris's App., 30 Pa. 122.

It is certainly true when the defense set up involves an issue of fact, the affidavit must state facts—all the facts necessary to constitute a substantial defense.   General averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient, as, for example, payment, fraud or undue influence ; these involve mixed questions of law and fact : Kaufman v. Mining Co., 105 Pa. 537.

*Joseph W. Shannon*, for appellee.—The court below rightfully refused to enter judgment for the plaintiff for want of a sufficient affidavit of defense.   This suit should be submitted to the jury for the jury to determine whether from the evidence

the building was so changed that it might properly have been called a new building or a rebuilding under the ruling of Grable v. Helman, 5 Pa. Superior Ct. 324, the facts of which sufficiently appear in the opinion which was handed down July 23, 1897, by REEDER, J.

OPINION BY ORLADY, J., December 15, 1898:

The plaintiff files his claim "for materials furnished and work performed in tiling floor, . . . . furnished to and supplied for and toward the erection and construction of and on the faith and credit of" the building described in the claim.    The affidavit of defense asserts that the whole work done on the defendant's building "was not erection and construction of a new building, but simply alterations and addition to an old building."    The defendant adds, by supplemental affidavit, some details as to the character of the work done on the building.    He says that more than half of the old walls are still standing; that they remain substantially as they were before the alteration; that the materials, taken out of some fifty feet of the old wall and foundation, were used in the general alterations of the building; that the principal portion of the wooden girders was utilized in the alterations; that it is plainly evident that the old walls remain, covered in many places with the old plastering and marks of an old staircase; that the building was, prior to the alterations, a hat factory, that it is still used for that purpose, and that the manufacture of hats was carried on for a large portion of the time during the said alterations.    These in substance are the allegations of the affidavit raising the first matter of defense.

The positive allegation of the affidavits that the work was alteration, not new construction, is fortified by statements of fact.    These raise a case sufficiently doubtful to require its submission to a jury to determine the character of the construction under proper instructions.    We are further impelled to this conclusion by reason of the fact that the lien (which forms the basis of the plaintiff's claim), contains only an allegation of new construction, leaving the affidavits of defense to indicate the facts upon which the case can at present be considered.

While this may be a close case, we are of opinion that the court below was right in refusing judgment on the affidavits.